IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| HAROLD F. BOOSAHDA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:09-cv-00556-CMH/IDD |
| ) | |
| PROVIDENCE DANE, LLC ) | |
| ) | |
| Defendant. ) | |
| ) | |

FIRST AMENDED COMPLAINT

Plaintiff Harold Boosahda ("Boosahda"), by his undersigned counsel, brings this action against Defendant Providence Dane, LLC, and for his first amended complaint in this action states as follows:

1.  This Court has jurisdiction of this case under 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

2.  Plaintiff Boosahda (an individual) is a resident of Fairfax County, Virginia, as he was at the time of Defendant's actions as alleged herein.

3.  Defendant is a limited liability company organized under the laws of Virginia doing business at 100 Constitution Drive, Suite 124, in Virginia Beach, Virginia.

4.  Defendant engages in the business of acquiring consumer debts payable to others for the purpose of collection when those debts are in default.

5.  Defendant regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers to pay money arising out of transactions in which the

money, property, insurance, or services which are the subject of the transactions are primarily for personal, family, or household purposes.

6. Defendant regularly uses the mails and other instrumentalities of interstate commerce in its collection of or attempts to collect debts owed or due or asserted to be owed or due another by consumers.

7. On or about May 16, 2008, Defendant sent to the Clerk of the Circuit Court for Fairfax County a civil complaint (mistitled a motion for judgment) against Boosahda with instructions to the clerk to file that complaint.

8. In the complaint that Defendant sent to the Clerk of the Circuit Court for Fairfax County, Defendant alleged that the amount that it sought to collect from Boosahda was due on consumer credit card accounts established by the Chase Manhattan Bank USA (NA) ("Chase") and First USA Bank, N.A. ("First USA") in Booshada's name.

9. The Clerk of the Circuit Court for Fairfax County filed Defendant's complaint against Boosahda on or about May 19, 2008 and assigned that action Case No. CL2008-6644.

10. After hearing Defendant's evidence in support of its complaint against Boosahda at a trial in the case on March 30, 2009, the Circuit Court for Fairfax County granted a motion to strike Defendant's evidence in support of Defendant's claims against Boosahda and entered judgment for Boosahda.

11. Boosahda has incurred attorney's fees in successfully defending against Defendant's wrongful action against him and has suffered emotional distress as a result of being wrongfully sued.

## COUNT I
## 15 U.S.C. §§1692d and 1692f

12. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 11 as if the same were fully set forth herein..

13. In filing its complaint against Boosahda in Case No. CL-2008-6644 without evidence to support the complaint, Defendant forced Boosahda to either pay a debt he did not owe or to pay to defend against collection of the debt.

14. Defendant's filing of a complaint against Boosahda without evidence to support the complaint was conduct the natural consequence of which was to harass, oppress, and abuse Boosahda.

15. In the alternative to the allegations of the preceding paragraph, Defendant's filing of a complaint against Boosahda without evidence to support the complaint constituted an unfair or unconscionable means to collect a debt.

## COUNT II
## 15 U.S.C. §§ 1692e

16. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 15 as if the same were fully set forth herein.

17. The complaint that Defendant filed against Boosahda in Case No CL-2008-6644 stated that Boosahda owed Defendant a balance of $11,211.55 as of the date of the complaint for the alleged account with Chase and a balance of $9,057.72 as of that date for the alleged account with First USA.

18. These statements constituted a false representation of the amount of the debt and a false representation or deceptive means to collect a debt since Boosahda in fact owed Defendant nothing.

## COUNT III
### 15 U.S.C. §§ 1692f(1)

19. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 18 as if the same were fully set forth herein.

20. The complaint that Defendant filed against Boosahda in Case No. CL-2008-6644 demanded judgment against Boosahda for interest charged to Boosahda at the rate of 28.49 per cent by Chase and at the rate of 29.99 per cent by First USA.

21. The interest for which Defendant demanded judgment against Boosahda at the rate of 28.49 per cent charged by Chase and 29.99 per cent charged by First USA was neither expressly authorized by any agreement between Boosahda and either Chase or First USA nor permitted by law.

22. In the alternative to the allegations of the preceding paragraphs 20 and 21, the documents entitled Affidavit and Assignment and incorporated into Defendant's complaint in Case No. CL-2008-6644 stated that Boosahda owed eight per cent interest on the balances allegedly due Chase and First USA.

23. The eight per cent interest that the documents entitled Affidavit and Assignment stated was due from Boosahda was neither expressly authorized by any agreement on the part of Boosahda nor permitted by law absent that agreement.

## COUNT IV
## 15 U.S.C. §§ 1692e

24.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 23 as if the same were fully set forth herein.

25.     Because the documents entitled Affidavit and Assignment and made part of Defendant's complaint in Case No. CL-2008-6644 stated that Boosahda owed interest at eight per cent, Defendant used a false representation and deceptive means to collect a debt by submitting those to the court as a part of its complaint.

## COUNT V
## 15 U.S.C. §§ 1692d & 1692f

26.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 25 as if the same were fully set forth herein.

27.     The complaint that Defendant filed against Boosahda in Case No. CL-2008-6644 stated Boosahda's social security number on its face and that number was available to the public after Defendant filed the complaint..

28.     Defendant had no need whatsoever to include Boosahda's social security number in the complaint that Defendant made accessible to the public by filing with the court.

29.     The inclusion of Boosahda's social security number in a document that Defendant filed in a place that would be accessible to the public creates a threat of serious harm to Boosahda through, _inter alia_, identity theft.

30.     Defendant's inclusion of Boosahda's social security number in the complaint it filed constituted an unfair or unconscionable means to collect or attempt to collect a debt.

31.     Defendant's inclusion of Boosahda's social security number in the complaint it filed represented conduct the natural consequence of which would be to harass, oppress, or abuse Boosahda.

## COUNT VI
## 15 U.S.C. §§ 1692e(11)

32.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 31 as if the same were fully set forth herein.

33.     On or about May 16, 2008, Defendant mailed Boosahda documents entitled "Request for Admissions", "Request for [sic] Interrogatories", and "Request for Production of Documents" and bearing the case caption for Case No. CL-2008-6644..

34.     The documents specified in paragraph 33 hereof that Defendant served on Boosahda failed to state that they were a communication from a debt collector.

## COUNT VII
## 15 U.S.C. §§ 1692d & 1692f

35.     Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 34 as if the same were fully set forth herein.

36.     The interrogatories mistitled as "Request for Interrogatories" that Defendant served on Plaintiff on May 16, 2008, with the case caption for Case No. CL-2008-6644 totaled 44 in number in violation of Rule 4:8(g) of the Supreme Court of Virginia.

37.     Even though Rule 4:8(g) requires a party to obtain leave of court before serving more than 30 interrogatories, Defendant served more than 30 interrogatories on Defendant without obtaining leave of court.

38. Defendant's service of more than 30 interrogatories on Boosahda in violation of Rule 4:8(g) represented conduct the natural consequence of which would be to harass, oppress, or abuse Boosahda.

39. Defendant's service of more than 30 interrogatories on Boosahda in violation of Rule 4:8(g) constituted an unfair means to collect or attempt to collect a debt.

## COUNT VIII
## 15 U.S.C. §§ 1692e

40. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 39 as if the same were fully set forth herein.

41. Defendant on August 18, 2008, mailed to Boosahda and then on August 20, 2008, filed with the court in Case No. CL-2008-6644 a motion for default judgment against Boosahda..

42. The motion for default judgment stated that Boosahda was "in default" because 30 days had passed and Boosahda had failed to respond to discovery within 28 days after service of the complaint on August 5, 2008..

43. Defendant's statement that Boosahda was in default was false since at that time 28 days had not elapsed since August 5, 2008, the alleged date of service.

44. Defendant's statement that Boosahda was in default was also false because Boosahda was not "in default" (and therefore subject to entry of a default judgement) for failure to respond to discovery even after 28 days following service of the same.

## COUNT IX
## 15 U.S.C. §§ 1692d & 1692f

45. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 44 as if the same were fully set forth herein.

46. Defendant was also not entitled to a default judgment in Case No. CL-2008-6644 because Boosahda had never been properly served with the mistitled complaint that Defendant had filed.

47. Furthermore, Defendant was not entitled to a default judgment against Boosahda because the notice contained in the motion for default judgment failed to satisfy the requirements of Va. Code Ann. § 8.01-296.2.b for a default judgment after purported service by posting.

48. The notice that Defendant sent to Boosahda in its attempts to comply with § 8.01-296.2.b stated that the entry of a default judgment might be requested upon the expiration of ten days after Boosahda received the notice, but § 8.01-296.2.b actually requires that the notice to a defendant state that the default judgment could be requested within ten days after giving the notice.

49. Defendant's filing of the motion for a default judgment against Boosahda, when Defendant had no right to default judgment, was an unfair or unconscionable means to collect or attempt to collect a debt.

50. The natural consequence of Defendant's filing of the motion for a default judgment against Boosahda was to harass, oppress, and abuse Boosahda in connection with the collection of the debt.

## COUNT X
## 15 U.S.C. § 1692e

51. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 50 as if the same were fully set forth herein.

52. On or about November 6, 2008, Defendant filed a second motion for default judgment against Boosahda in Case No. CL2008-6644.

53. The second motion for default judgment falsely stated that Boosahda was in default for failure to respond to discovery.

54. This statement was false because Boosahda was not in "default", so as to entitle Defendant to a default judgment, because of failure to respond to discovery.

55. Boosahda was also not in default because he was never properly served with the complaint in the case.

## COUNT XI
## 15 U.S.C. § 1692e(11)

56. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 55 as if the same were fully set forth herein.

57. On or about February 18, 2009, Defendant served answers and responses to interrogatories and document requests that Boosahda had propounded on Defendant in January, 2009 in Case No. CL-2008-6644.

58. The answers and responses that Defendant served on Boosahda failed to state that they were a communication from a debt collector.

## COUNT XII
## 15 U.S.C. § 1692e

59. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 58 as if the same were fully set forth herein.

60. In Boosahda's discovery to Defendant in Case CL-2008-6644, Boosahda requested "all documents that you sent to [Boosahda] with respect to any debt that you allege in your 'motion for judgment' in this action that [Boosahda] owes you."

61. In response to this document request, Defendant stated that "[p]reviously provided as Exhibits A-F in Plaintiff's Motion for Judgment and in Plaintiff's Response to Defendant's Counterclaim."

62. This statement was false inasmuch as Defendant had sent Boosahda documents other than those that were exhibits to the Motion for Judgment or included in the response to the counterclaim and indeed later produced those documents at trial.

63. Boosahda also served Defendant with an interrogatory requesting that Defendant identify all persons with knowledge of the facts alleged in the motion for judgment or stated in the answers to the interrogatories, and to state what knowledge that person had regarding the facts alleged or stated.

64. Defendant's response to this interrogatory was "N/A" and Defendant failed to identify any individual in response to the interrogatory.

65. This statement in response to the interrogatory was false inasmuch as Defendant produced a witness at trial to testify as to the debt that Defendant had alleged that Boosahda owed it.

### COUNT XIII
### 15 U.S.C. §§ 1692d & 1692f

66. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 65 as if the same were fully set forth herein.

67. On December 23, 2008, the Circuit Court for Fairfax County in Case No.

CL2008-6644 set a trial date of March 30, 2009 for the case and entered a scheduling order in the case.

68. The scheduling order that the Court entered required the parties, no later than 15 days before trial, to exchange witness and exhibit lists for the trial.

69. Defendant failed to provide Boosahda with its witness and exhibit list for the March 30 trial until March 20, 2009, which was after the deadline set in the scheduling order.

70. In serving its witness and exhibit list upon Boosahda in violation of the scheduling order, Defendant used an unfair means to collect a debt.

71. Defendant's service of its witness and exhibit list in violation of the order of the court in Case No. CL2008-6644 was conduct the natural consequence of which is to harass or oppress Boosahda in connection with the collection of a debt.

## COUNT XIII
## 15 U.S.C. § 1692e

72. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 71 as if the same were fully set forth herein.

73. On or about March 23, 2009, Defendant filed with the court in Case No. 2008-6644 a document entitled Plaintiff's Brief on Matter of Authentication.

74. This brief states on page 1 that "the law allows a representative of an assignee to authenticate [sic] assignor's documents pursuant to the business record exception to hearsay [sic]."

75. This statement is false because a representative of an assignee may not authenticate an assignor's documents.

76. The brief that Defendant filed states on page 2 that "Virginia Code 8.01-391(D) deals with criteria for admission into evidence of documents otherwise inadmissible as hearsay."

77. This statement is false because section 8.01-391(D) does not make hearsay documents admissible.

78. The brief that Defendant filed states on page 5 that "[t]he courts [sic] dicta and holdings repeatedly address situations where witnesses with no connection to the entity that generated the documents."

79. This statement is false because the courts' dicta and holdings do not repeatedly address situations in which witnesses have no connection to the entity that generated the documents.

80. On page 7 of Defendant's brief, Defendant states that "[i]n Connecticut, New England Savings Bank v. Beford Realty Corp., 246 Conn. 594, 603, 717 A.2d 713 (1998) established that business records received from an assignor could be introduced by the assignee under the business records exception without bringing in a witness from the assignor entity."

81. This statement is false because the court in New England Savings Bank did not establish any such proposition since a representative of the assignor actually testified in that case.

COUNT XIV
15 U.S.C. § 1692e

82. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs 1 through 81 as if the same were fully set forth herein.

83. At the trial of Case No. CL-2008-6644 on March 30, 2009, Tammy Brown ("Brown"), an employee of Defendant acting within the scope of her employment, testified in Defendant's case in chief that Boosahda owed Defendant $25,000.

84. This testimony was false since Boosahda did not owe the amount that Brown (who had no knowledge as to the amount if any in fact owed by Boosahda) falsely testified that he did.

WHEREFORE, Plaintiff prays for damages in the amount of $50,000.00 (fifty thousand dollars), including actual and statutory damages, plus his reasonable attorney's fees incurred in this action, together with pre-judgment interest and the costs of this action.

        HAROLD BOOSAHDA
        By Counsel

        /s/Ernest P. Francis
        Ernest P. Francis
        VSB #27276
        ERNEST P. FRANCIS, LTD.
        1655 North Fort Myer Drive
        Suite 700
        Arlington, VA 22209
        (703) 683-5696
        Fax (703) 683-2785
        E-mail: epfrancisltd@verizon.net

        Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues herein.

        /s/Ernest P. Francis
        Ernest P. Francis

CERTIFICATE OF SERVICE

     I HEREBY CERTIFY THAT a copy of the foregoing First Amended Complaint was mailed, together with a Request for Waiver of Service of Summons, by priority mail, postage prepaid and addressed to David B. Ashe, Esq., General Counsel for the Defendant, at his office at Providence Dane, LLC, at 100 Constitution Drive, Suite 124, Virginia Beach, VA  23462 this 9th day of August, 2009.

                                                     /s/Ernest P. Francis
                                                     Ernest P. Francis