UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| HAROLD F. BOOSAHDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-00556-CMH-IDD |
| | ) | |
| PROVIDENCE DANE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ANSWER**

Defendant Providence Dane LLC, by and through its undersigned counsel, hereby submits its answer to Plaintiff's First Amended Complaint ("Complaint"), and states as follows:

1. The allegations contained in Paragraph 1 of the Complaint assert legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 1 of the Complaint.

2. Defendant is without sufficient information to admit or deny the allegations in Paragraph 2 of the Complaint.

3. Defendant admits the allegations in Paragraph 3 of the Complaint.

4. Defendant admits the allegations in Paragraph 4 of the Complaint.

5. Defendant admits that it regularly collects or attempts to collect debts owed or due or asserted to be owed or due another by consumers. Defendant is without sufficient information to admit or deny that the debts owed by consumers arise out of transactions in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, and on that basis denies the remainder of the allegations in Paragraph 5 of the Complaint.

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits that on or about May 16, 2008, it sent to the Clerk of Circuit Court for Fairfax County a motion for judgment against Plaintiff with instructions to the clerk to file that complaint. Defendant denies the remainder of the allegations in Paragraph 7 of the Complaint.

8. Defendant admits that in the complaint that it sent to the Clerk of the Circuit Court for Fairfax County, it alleged that the amount that it sought to collect from Plaintiff was due on credit card accounts opened by Plaintiff with Chase Manhattan Bank USA (NA) ("Chase Bank") and First USA Bank N.A. ("First USA"). Defendant denies the remainder of the allegations in Paragraph 8 of the Complaint.

9. Defendant admits the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint.

11. Defendant is without sufficient information to admit or deny the allegations in Paragraph 11 of the Complaint, and on that basis denies the allegations in Paragraph 11 of the Complaint.

12. In response to the allegations in Paragraph 12 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

13. Defendant denies the allegations in Paragraph 13 of the Complaint.

14. Defendant denies the allegations in Paragraph 14 of the Complaint.

15. Defendant denies the allegations in Paragraph 15 of the Complaint.

16. In response to the allegations in Paragraph 16 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

17. Defendant admits the allegations in Paragraph 17 of the Complaint.

18. Defendant denies the allegations in Paragraph 18 of the Complaint.

19. In response to the allegations in Paragraph 19 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

20. Defendant admits that Chase Bank assessed Plaintiff interest at the rate of 28.49% and that First USA assessed Plaintiff interest at the rate of 29.99%. Defendant denies the remainder of the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant admits that the documents entitled Affidavit and Assignment and incorporated into Defendant's complaint in Case No. CL-2008-6644 contained statements by Unifund CCR Partners ("Unifund") that interest was accruing at 8%. Defendant denies the remainder of the allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. In response to the allegations in Paragraph 24 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

25. Defendant admits that the documents entitled Affidavit and Assignment and incorporated into Defendant's complaint in Case No. CL-2008-6644 contained statements by Unifund that interest was accruing at 8%. Defendant denies the remainder of the allegations in Paragraph 25 of the Complaint.

26. In response to the allegations in Paragraph 26 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

27. Defendant admits that Plaintiff's social security number appeared in the second of four single-spaced paragraphs located in the documents entitled Affidavit and Assignment and

attached as Exhibit C to its motion for judgment in Case No. CL-2008-6644. Defendant denies the remainder of the allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations in Paragraph 31 of the Complaint.

32. In response to the allegations in Paragraph 32 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

33. Defendant admits the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. In response to the allegations in Paragraph 35 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

36. Defendant admits that it served 44 interrogatories to Plaintiff on or about May 16, 2008, with the case caption for Case No. CL-2008-6644. Defendant denies the remainder of the allegations in Paragraph 36 of the Complaint.

37. Defendant admits that it served 44 interrogatories to Plaintiff on or about May 16, 2008, with the case caption for Case No. CL-2008-6644. Defendant admits that it did not obtain leave of court before serving such interrogatories. Defendant states that Virginia Supreme Court Rule 4:8(g) speaks for itself. Defendant denies the remainder of the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

40. In response to the allegations in Paragraph 40 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

41. Defendant admits the allegations in Paragraph 41 of the Complaint.

42. Defendant admits that its motion for default judgment, filed on or about August 20, 2008, in Case No. CL-2008-6644, stated that it served Plaintiff with "its Motion for Judgment and Discovery, including Request for Admissions," and that "pursuant to Rules 4:8(d), 4:9(b), and 4:11(a) of the Rules of the Supreme Court of Virginia, the defendant had twenty-eight (28) days from the date of such service in which to file a pleading in response. Over 30 days have passed and the defendant has failed to do so, and accordingly, is in default." Defendant denies the remainder of the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. In response to the allegations in Paragraph 45 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

48. Defendant admits that its motion for default judgment, filed on or about August 20, 2008, in Case No. CL-2008-6644, stated that "the Defendant is hereby given notice that proceedings are pending in the Virginia Circuit Court noted above and that upon the expiration of ten (10) days after receiving this notice and the expiration of the statutory period within which the Defendant may be required to respond, without further notice, the entry of judgment by default as prayed for in the pleadings may be requested." Defendant states that Va. Code Ann. §

8.01-296.2.b speaks for itself.  Defendant denies the remainder of the allegations in Paragraph 48 of the Complaint.

49. Defendant denies the allegations in Paragraph 49 of the Complaint.

50. Defendant denies the allegations in Paragraph 50 of the Complaint.

51. In response to the allegations in Paragraph 51 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

52. Defendant admits that on or about November 6, 2008, it filed a second motion for default judgment against Plaintiff in Case No. CL-2008-6644, and served a copy of such motion on Plaintiff's counsel.  Defendant denies the remainder of the allegations in Paragraph 52 of the Complaint.

53. Defendant denies the allegations in Paragraph 53 of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant denies the allegations in Paragraph 55 of the Complaint.

56. In response to the allegations in Paragraph 56 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

57. Defendant admits that on or about February 18, 2009, it served on Plaintiff's counsel answers and responses to interrogatories and document requests that Plaintiff's counsel had propounded on it in January 2009 in Case No. CL-2008-6644.  Defendant denies the remainder of the allegations in Paragraph 57 of the Complaint.

58. Defendant denies the allegations in Paragraph 58 of the Complaint.

59. In response to the allegations in Paragraph 59 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

60. Defendant admits the allegations in Paragraph 60 of the Complaint.

61. Defendant admits the allegations in Paragraph 61 of the Complaint.

62. Defendant denies the allegations in Paragraph 62 of the Complaint.

63. Defendant admits the allegations in Paragraph 63 of the Complaint.

64. Defendant admits the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. In response to the allegations in Paragraph 66 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

67. Defendant admits the allegations in Paragraph 67 of the Complaint.

68. Defendant admits the allegations in Paragraph 68 of the Complaint.

69. Defendant admits the allegations in Paragraph 69 of the Complaint.

70. Defendant denies the allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. In response to the allegations in Paragraph 72 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

73. Defendant admits the allegations in Paragraph 73 of the Complaint.

74. Defendant admits the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. Defendant admits the allegations in Paragraph 76 of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Defendant admits the allegations in Paragraph 78 of the Complaint.

79. Defendant denies the allegations in Paragraph 79 of the Complaint.

80. Defendant admits the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. In response to the allegations in Paragraph 82 of the Complaint, Defendant incorporates by reference its answers to the preceding paragraphs.

83. Defendant denies the allegations in Paragraph 83 of the Complaint.

84. Defendant denies the allegations in Paragraph 84 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Defendant states that, pursuant to 15 U.S.C. § 1692k(c), if any violation of the Fair Debt Collection Practices Act ("FDCPA") is found (which Defendant denies), Defendant did not intend to commit any such violation and any such violation resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### Second Affirmative Defense

Defendant states that its conduct as alleged in the Complaint in no way exemplifies the abusive or unfair behavior Congress had in mind when enacting the FDCPA.

### Third Affirmative Defense

Defendant states that its conduct as alleged in the Complaint would not cause even the "least sophisticated consumer" to be confused or misled.

### Fourth Affirmative Defense

Defendant states that some or all of Plaintiff's alleged injuries or damages resulted from the acts or omissions of third parties, including but not limited to Chase Bank, First USA, and Unifund, over whom Defendant exercised no control and for whose conduct Defendant is not responsible.

### Fifth Affirmative Defense

Defendant states that in the event Plaintiff is able plead adequately an individual violation of the FDCPA (which Defendant denies), Plaintiff's entitlement to statutory damages is capped at $1,000 per action not per violation.

### Sixth Affirmative Defense

Defendant states that even if Defendant violated the FDCPA (which Defendant denies), Plaintiff has incurred no actual damages, including but not limited to, physical injury, pecuniary injury, dignitary injury, improper denial or loss of credit opportunities, injury to reputation, emotional distress, out-of-pocket harm, or other injuries justifying a claim for actual damages as a result of any conduct of Defendant.

### Seventh Affirmative Defense

Defendant states that some or all of the alleged violations resulted from good faith reliance by Defendant on representations made by third parties, including but not limited to Chase Bank, First USA, and Unifund.

WHEREFORE, Defendant Providence Dane, LLC requests that the Court enter judgment in Defendant's favor with respect to all claims against it dismissing the Complaint with prejudice, along with such other relief as the Court deems appropriate, including but not limited to, its attorneys fees and costs.

Dated: November 30, 2009          Respectfully submitted,

                 /s/ Gregory A. Ashe
                 Gregory A. Ashe[1] (Va. Bar No. 39131)
                 P.O. Box 2122
                 Washington, DC 20013
                 Telephone: 301-233-9265
                 Facsimile: 202-747-2935
                 Email: gashe123@verizon.net

                 /s/ David B. Ashe
                 David B. Ashe (Va. Bar No. 41259)
                 Providence Dane, LLC
                 100 Constitution Drive, Suite 124
                 Virginia Beach, VA 23462
                 Telephone:    757-962-9603
                 Facsimile:    757-962-9604
                 Email: david.ashe@providencedane.com

                 Attorneys for Defendant Providence Dane, LLC

### CERTIFICATE OF SERVICE

       Undersigned counsel certifies that on November 30, 2009, Defendant Providence Dane's **ANSWER** was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorneys of record:

     Ernest P. Francis
     David B. Ashe
     Gregory A. Ashe

                 /s/ David B. Ashe
                 David B. Ashe
                 Attorney for Defendant Providence Dane, LLC

---

[1] Motion to withdraw pending.